### KETCHELL v. KEENE.

1. EVIDENCE—OPINIONS—CONCLUSION.
   The wife of a purchaser of land was properly refused permission to testify whether plaintiff, a broker, suing for his commissions, was influential in bringing her and her husband to that locality, since her opinion as to the effect on her husband was an incompetent conclusion.

2. TRIAL—APPEAL AND ERROR—CUMULATIVE EVIDENCE.
   Reversible error did not appear from a ruling of the court excluding testimony that had been already elicited from the witness, nor from a ruling upon a matter not presented to the trial court and argued for the first time on appeal.

Error to Allegan; Padgham, J. Submitted April 4, 1912. (Docket No. 36.) Decided July 11, 1912.

Assumpsit by Stephen Ketchell against Milo Keene for services performed as broker for defendant. Judgment for plaintiff. Defendant brings error. Affirmed.

*F. E. Fish* and *O. S. Cross*, for appellant.

*Clare E. Hoffman*, for appellee.

MOORE, C. J.  This action was brought in justice's court to recover $62.50 commission, the balance which plaintiff claimed defendant owed him growing out of certain sales of real estate made by defendant to purchasers who, plaintiff claims, were told of or sent to defendant by him.  On the trial in justice's court, defendant tendered into court $12.50 and interest, and the jury gave a verdict for the balance of plaintiff's claim, $50, and from this judgment defendant appealed to the circuit court, where judgment for the same amount was obtained.  The defendant, Milo Keene, is a real estate dealer at Allegan, while the plaintiff, prior to 1907, resided in Indiana.  It is the claim of the plaintiff that they entered into an agreement whereby Mr. Keene was to divide with Mr. Ketchell the commissions on any parcels of land which were sold to any person who was sent or brought to Mr. Keene by Mr. Ketchell, and that such a sale was made to Mr. and Mrs. McCorkel.  The case was tried before a jury.

Counsel's first claim is—

"The court erred in refusing to admit the answer to the question to the witness Mrs. Lois L. McCorkel: 'Did Stephen Ketchell in any way have any influence in bringing you to Allegan county?'"

There are two answers to this claim:

*First.* When the question was put to Mrs. McCorkel, she was testifying about her husband and herself, and as to her husband the answer called for a conclusion about which she could not know.

*Second.* She had testified that:

"I believe he [plaintiff] had nothing to do with our coming here. * * * Stephen Ketchell did not have anything to do with selling us the Larson place."

Counsel claim:

"The court erred in refusing to admit the answer to the

question to the witness Milo Keene: '*Q.* What did you pay George Ketchell? Anything?' The agreement was that defendant should divide even with plaintiff on any place sold, and, if defendant had to pay George Ketchell $25 to assist in making the sale, he would only receive $75 for his services, and plaintiff would only be entitled to one-half of that sum instead of one-half of $100."

This point was not made in the court below. It was claimed there that Mr. Ketchell had nothing to do with the sale and was entitled to nothing. The claim cannot now be urged here.

Counsel find fault with the charge of the court. We quote from the brief:

"The instructions as requested by the attorneys for both parties correctly stated the law as stated in *Douville* v. *Comstock*, 110 Mich. 693 [69 N. W. 79], viz.: That the efforts of the plaintiff must be the procuring cause of sale to entitle the plaintiff to recover, and, if the court had ended his charge with the paragraph, 'That, gentlemen, I think, substantially covers the facts as given in this case and covers the law relating thereto,' there would have been no error in the charge, and we submit that the court then proceeded to argue the case to the jury and destroyed the effect of that portion of the charge that was correct."

The charge covers eight printed pages of the record and perhaps was longer than necessary, but, when read as an entirety, it was not misleading. The portions of the charge about which complaints are made are not subject to just criticism unless separated from the context. We find no reversible error.

Judgment is affirmed.

STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.