WILKS v TAYLOR SCHOOL DISTRICT

Docket No. 92930. Submitted August 16, 1988, at Detroit. Decided October 5, 1988. Leave to appeal denied, 432 Mich 885.

Aileen C. Wilks, employed by the Taylor School District as a lunchroom personnel supervisor, requested a transfer to the position of substitute school-bus driver. Wilks submitted to a physical examination performed by a physician chosen by her employer, which examination is a prerequisite imposed by MCL 257.316(a); MSA 9.2016(1) for employment as school-bus driver. The examining physician concluded that Wilks had a spinal condition which disqualified her from being a bus driver and accordingly refused to grant a medical certificate to Wilks. After Wilks' own physician examined her and concluded that she would be able to drive a bus, Wilks brought an action in the Wayne Circuit Court against the Taylor School District and the Taylor Board of Education. Plaintiff alleged that defendants violated the Handicappers' Civil Rights Act by failing to hire her on the basis of a handicap which was unrelated to her ability to perform the duties of a substitute school-bus driver. Defendants filed a motion for summary disposition, contending that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law since their compliance with MCL 257.316(a); MSA 9.2016(1) precluded liability under the act. Plaintiff filed a motion for summary disposition, contending that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law since her handicap is unrelated to her ability to perform the duties of a substitute school-bus driver. The trial court, Lucile A. Watts, J., denied both motions. Defendants appealed by leave granted and plaintiff cross-appealed.

The Court of Appeals held:

1. Defendants' compliance with MCL 257.316(a); MSA 9.2016(1) does not automatically shield them from liability under the act. If plaintiff's handicap proves to be unrelated to

REFERENCES

Am Jur 2d, Job Discrimination §§ 124-126, 2319.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

her ability to perform the duties of a school-bus driver, defendants will have engaged in a prohibited practice under the act, and defendants may not escape liability merely by claiming compliance with MCL 257.316(a); MSA 9.2016(1).

2. The trial court did not err in refusing to grant summary disposition in favor of plaintiff or defendants since there exists a genuine issue regarding whether plaintiff's handicap is related to her ability to perform the duties of a school-bus driver. Defendants would be entitled to a judgment in their favor if they can demonstrate on remand that plaintiff's spinal condition at the time she applied for the school-bus driver position rendered plaintiff prone to future spinal complications which could adversely affect her performance as a school-bus driver to the detriment of children and the public.

Affirmed and remanded for further proceedings.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — BOARDS OF
   EDUCATION — SCHOOL-BUS DRIVERS.

   A local board of education's compliance with provisions in the Michigan Vehicle Code which require school-bus drivers and their substitutes to obtain preemployment medical certificates from a physician designated by the board does not automatically shield the board from liability in an action brought under the Handicappers' Civil Rights Act by an unsuccessful school-bus driver applicant for the board's alleged failure to hire the plaintiff on account of a handicap unrelated to the plaintiff's ability to perform the duties of a school-bus driver (MCL 37.1202[1][a], 257.316a; MSA 3.550[202][1][a], 9.2016[1]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — SCHOOL-BUS
   DRIVERS.

   An abnormality in the spine of an applicant for the position of a school-bus driver which does not preclude the applicant from performing the duties of a school-bus driver at the time of application, but renders the applicant prone to future spinal complications which could adversely affect the applicant's performance to the detriment of children and the public, may be considered a handicap that is related to the applicant's ability to perform the duties of a school-bus driver; accordingly, a local board of education's refusal to hire such applicant on the basis of such handicap may not support an action brought under the Handicappers' Civil Rights Act (MCL 37.1202[1][a]; MSA 3.550[202][1][a]).

*Anthony A. Haisch,* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *John P. Hancock, Jr.,* and *David H. Oermann*), for defendants.

Before: DOCTOROFF, P.J., and WAHLS and T. BROWN,* JJ.

PER CURIAM. The parties in this action, which was filed under the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, appeal from orders of the Wayne Circuit Court denying motions of plaintiff and defendants for summary disposition requested pursuant to MCR 2.116(C)(10). We affirm, finding that a genuine issue exists regarding whether plaintiff's handicap is related to her ability to perform the duties of a substitute school-bus driver, and remand the case for further proceedings.

The record reveals that on March 30, 1984, plaintiff, Aileen C. Wilks, was hired by defendants, the Taylor School District and the Taylor Board of Education, as a lunchroom personnel supervisor. Approximately two months later, she requested a job transfer to become a substitute school-bus driver. In October, 1984, she was informed that the transfer would be granted if she obtained a chauffeur's license, completed a one-week drivers' training course sponsored by the school district, and passed a physical examination to be performed by one of the school district's physicians. On October 11, 1984, plaintiff underwent the physical examination and one week later was informed that the examining physician, N. K. Villamin, M.D., had determined that plaintiff did not qualify for the bus-driver position because x-rays of plaintiff's spine revealed "moderate levoscoliosis with mild degenerative changes in small lipping, with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

moderate narrowing of the L5-S1 intervertebral space."

On October 31, 1984, Dr. Villamin was informed that plaintiff's own physician had examined plaintiff and had concluded that she was able to drive a bus. In response, Dr. Villamin emphasized that his decision not to issue plaintiff a certificate of health, which is required of any individual desiring to be a school-bus driver, MCL 257.316a; MSA 9.2016(1), was based on the requirements set by the Michigan Department of Education concerning the physical qualifications of school-bus drivers. In a letter to the school district, Dr. Villamin explained:

> I agreed with Mrs. Wilk's [sic] physician that at the time that I examined the patient, her physical findings were unremarkable and I think that she can drive a bus. However because of the x-ray findings, there is the potential of having problems in the future, and I think this is the purpose of why a screening back x-ray is made a part of this pre-employment physical examination.

The parties do not dispute that in the instructions published by the Michigan Department of Education for the performing and recording of physical examinations of school-bus driver applicants, the examining physician is specifically directed to, among other things, note any injuries in the applicant's cervical or lumbar spine region and, if necessary, to conduct further examinations in order to diagnose scoliosis. The instructions provide:

> Spine. Note deformities, limitation of motion or any history of such pain, injuries or disease, past or presently experienced, in the cervical or lumbar spine region. If findings so dictate, radiologic and other examinations should be used to diagnose

congenital or acquired defects, or spondylolisthesis and scoliosis.

On February 19, 1985, plaintiff resigned from her job as a lunchroom personnel supervisor, and on October 10, 1985, she filed the present lawsuit, alleging that defendants, in violation of the HCRA, failed to hire plaintiff because of a handicap which was unrelated to her ability to perform the duties of a substitute school-bus driver. In her complaint, plaintiff alleged that she "did not and does not have any physical, mental or organic defect of such a nature as to affect her ability to safely control and operate a bus." Both plaintiff and defendants filed motions for summary disposition pursuant to MCR 2.116(C)(10).

MCR 2.116(C)(10) provides that a motion for summary disposition may be granted if, except as to the amount of damages, there exists no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. Regarding this subrule, certain standards are well established:

> A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). In ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence, MCR 2.116(G)(5), and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). Summary disposition is proper under this subrule only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency that cannot be overcome. *St Paul Fire & Marine, supra.*

[*Penner v Seaway Hospital,* 169 Mich App 502, 507; 427 NW2d 584 (1988).]

On appeal, defendants argue that they are entitled to summary disposition because their compliance with MCL 257.316(a); MSA 9.2016(1) precludes liability under the HCRA. Essentially, defendants, emphasizing that that statute requires all substitute school-bus drivers to have been certified by a physician designated by the local board of education, reason that plaintiff's failure to have obtained the necessary medical certification renders inapplicable the HCRA in this case. Second, each side in this appeal claims that the circuit court erred in refusing to grant summary disposition in its favor on the basis that no genuine issue of material fact exists. Essentially, plaintiff claims that her handicap is unrelated to her ability to perform the duties of a substitute school-bus driver, while defendants claim just the opposite.

Regarding the first issue raised on appeal, we find that defendants' compliance with MCL 257.316(a); MSA 9.2016(1), i.e., that defendants' refusal to break the law by hiring a school-bus driver applicant who has not obtained medical certification, does not automatically shield defendants from liability under the HCRA for having failed or refused to hire plaintiff because of a handicap that is unrelated to her ability to perform the duties of a substitute school-bus driver. To hold as defendants suggest would grant unfettered discretion to examining physicians regarding the employment of school-bus drivers. It is not unimaginable that a local board of education and its hired physician could collude, connive or conspire to eliminate a handicapped applicant's chances for employment as a school-bus driver by making certain that the applicant never be issued

the medical certification required under the law. It is also not unimaginable, although perhaps less invidious, that a local board of education could designate as its examining physician an individual whom it knows is predisposed to discriminate against handicapped people. In either case, if the applicant's handicap is unrelated to his or her ability to perform the duties of a school-bus driver, the local board of education will have engaged in a prohibited practice under the HCRA, and it could not escape liability therefor merely by pointing to its formal compliance with the statutory provision in the Michigan Vehicle Code requiring school-bus drivers to obtain medical certificates from physicians designated by local boards of education.

Regarding the second issue raised on appeal, we find that the circuit court did not err in refusing to grant summary disposition in favor of plaintiff or defendants since we discern that there exists a genuine issue regarding whether plaintiff's handicap is related to her ability to perform the duties of a substitute school-bus driver.

Section 202(1)(a) of the HCRA, MCL 37.1202(1)(a); MSA 3.550(202)(1)(a), prohibits employers from refusing to hire an individual "because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position." A handicap is defined as including a determinable physical characteristic or history of such characteristic that is "unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment or promotion." In *Carr v General Motors Corp,* 425 Mich 313, 321-322; 389 NW2d 686 (1986), the Supreme Court observed that "[t]he Legislature has spoken clearly and has mandated, not just once, but many times throughout the HCRA, that the only handicaps covered by

the act, for purposes of employment, are those unrelated to ability to perform the duties of the position." In *Carr,* the plaintiff admitted that his handicap was related to his ability to perform the duties of the desired job; thus, the Supreme Court, in reversing the holding of this Court and affirming the holding of the Wayne Circuit Court, found that summary judgment in favor of the defendants was properly granted. Similarly, this Court, in *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 643-644; 413 NW2d 79 (1987), affirmed a grant of summary disposition in favor of the defendant because it was "clear from the complaint . . . that plaintiff's disability prevented him from fulfilling the requirements of his job at the time of his discharge."

Contrary to the settled factual situations in *Carr* and *Wilson,* the present case exhibits controversy regarding whether plaintiff's spinal problems detected by defendants' physician relate to plaintiff's ability to perform the duties of a substitute school-bus driver. Defendants' physician himself, while maintaining that x-rays of plaintiff's spine revealed "moderate levoscoliosis," also admitted that plaintiff "can drive a bus." Moreover, the record is lacking evidence concerning whether, even assuming plaintiff's spinal problems will worsen in the future, such problems would so inhibit plaintiff as to adversely affect her performance as a school-bus driver. Such evidence may exist. It has simply not been revealed.

A case similar to the instant action in which evidence was revealed of the relation between the plaintiff's back injury and her ability to perform the duties of her job is *Dauten v Muskegon Co,* 128 Mich App 435; 340 NW2d 117 (1983). In that case, this Court affirmed a judgment of no cause of action in a proceeding commenced by an applicant

for a lifeguard position who was being treated for mild scoliosis. At trial, the defendant's examining physician testified that the plaintiff would be prone to back spasms in a situation in which heavy lifting was required, such as that involving the saving of a drowning person, and that such spasms would render the plaintiff unable to control her muscular movements. "Spasms of this type suffered in a real life-saving situation," it was observed, "would endanger the lives of the lifeguard and the person he or she was trying to save." 128 Mich App 438. Accordingly, this Court, in affirming the decision of the circuit court, held that "[a] physically determinable characteristic which *may* disable a lifeguard in a life-saving situation is a handicap that is related to the applicant's 'ability to perform the duties of a particular job.'" 128 Mich App 438 (emphasis added). Similarly, if defendants in the instant case can demonstrate that plaintiff's back problems at the time she applied for the position of substitute school-bus driver—a position which, according to defendants' own examining physician, plaintiff was not precluded from performing on the basis of any medical limitation at the time of application—rendered plaintiff prone to future spinal complications which could adversely affect her performance as a school-bus driver to the detriment of children and the public, then defendants will be entitled to a judgment in their favor. Until the relationship between plaintiff's handicap and her ability to perform the duties of a school-bus driver is established by defendants, however, a judgment in favor of defendants would be premature. We decline to simply assume the existence of such a relationship. Although our common sense and experience suggest that plaintiff's "moderate levoscoliosis" may predispose her to more serious and debilitat-

ing spinal problems if she subjects her back to the strains of bus driving, and although it is obvious that a major spinal problem would adversely affect an individual's ability to drive a bus, we feel that such medical issues should be studied and assessed by competent experts before a citizen's important rights under the HCRA are adjudicated. The common sense and experience of appellate judges, while no doubt of estimable value, in this instance should not peremptorily form the basis of a decision regarding the factual issue now on appeal.

Since we are remanding this case for further proceedings, we note, in closing, two areas which may be of concern to counsel and the court. First, we observe that the HCRA, as remedial legislation, is to be liberally, not literally, construed. See Anno: *Construction and effect of state legislation forbidding job discrimination on account of physical handicap,* 90 ALR3d 393. Second, we note that, at this point, the burden of proof has shifted from plaintiff—plaintiff having already demonstrated that she was refused employment by defendants because of a handicap—to defendants, such that the latter must justify their action by showing that (1) plaintiff's condition would interfere with her ability to control and operate a school bus safely and (2) hiring plaintiff would pose a hazard to the safety of passengers, other drivers or the public, and would violate the high standards of care required of common carriers. *Allen v Southeastern Michigan Transportation Authority,* 132 Mich App 533; 349 NW2d 204 (1984).

Affirmed and remanded for further proceedings.