BAY CITY FIRE DEPARTMENT v DEPARTMENT OF CIVIL
RIGHTS ex rel ROZNOWSKI

Docket No. 110324. Submitted May 9, 1989, at Lansing. Decided
October 25, 1989.

Raymond Roznowski applied to the Bay City Fire Department for
employment as a fire fighter and underwent a physical exami-
nation that included a radiologist's evaluation of x-rays of· his
back. The radiologist opined that Roznowski suffers from a back
condition. The fire department rejected Roznowski's employ-
ment application. Roznowski filed a complaint with the Civil
Rights Commission, alleging discrimination in violation of the
Handicappers' Civil Rights Act. The commission, determining
that the fire department had "perceived and treated Roznowski
as a handicapped person" and had "rejected his application on
account of generalized and stereotypical notions as to how his
spinal column should be formed," ruled that Roznowski had
been discriminated against under the act and ordered the fire
department to offer employment to Roznowski. The fire depart-
ment filed a petition for review of the commission's order in the
Bay Circuit Court. The trial court, Eugene C. Penzien, J.,
vacated the commission's order, ruling that the act does not
protect persons perceived and treated as handicapped by em-
ployers where, as in Roznowski's case, no handicap in fact
exists. The Department of Civil Rights, on behalf of Roznowski,
appealed the trial court's ruling.

The Court of Appeals *held:*

The Handicappers' Civil Rights Act provides that an em-
ployer may not refuse to hire an individual because of a
handicap that is unrelated to the individual's ability to perform
the duties of a particular job or position, or is unrelated to the
individual's qualifications for employment. The term "handi-
cap" is defined by the act as a determinable physical or mental
characteristic of an individual or a history of the characteristic
which may result from disease, injury, congenital condition, or

REFERENCES

Am Jur 2d, Job Discrimination §§ 124, 144, 295.

Construction and effect of state legislation forbidding job discrimi-
nation on account of physical handicap. 90 ALR3d 393.

functional disorder. In this case, since the parties agree that Roznowski has a congenital defect of the spine, the question whether "perceived handicaps" are protected under the act need not be addressed. Instead, a remand is necessary because the trial court failed to address the question whether competent, material and substantial evidence exists in support of the commission's finding that Roznowski's "physical characteristic" is unrelated to his ability to be a fire fighter.

Reversed and remanded.

REILLY, J., concurred as to the result only and would hold that the trial court erred in concluding that the act does not protect persons who are discriminated against because of a perception that they have a physical disability or mental deficiency, whether or not such condition actually exists.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION.

An employer may not refuse to hire an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment; the term "handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition, or functional disorder (MCL 37.1103[b][i]; MSA 3.550[103][b][1]).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Thomas J. Laginess* and *Gail P. Massad*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Felix E. League* and *Errol R. Dargin,* Assistant Attorneys General, for respondent.

Before: McDONALD, P.J., and CAVANAGH and REILLY, JJ.

PER CURIAM. Respondent appeals as of right from a circuit court order vacating a decision of the Michigan Civil Rights Commission and dismissing the underlying complaint, which asserted a claim under the Handicappers' Civil Rights Act

(HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* We reverse and remand.

In June of 1982, claimant, Raymond Roznowski, applied to petitioner for employment as a fire fighter. Approximately one year later, after successfully completing a written examination and certain agility tests, claimant was informed that a position was available. However, prior to being hired, claimant underwent a physical examination conducted by petitioner's regular physician, Dr. Louis Berta. As part of this examination, Dr. Berta sent claimant's x-rays to Dr. John Fenton, a radiologist. Based on his review of these x-rays, Dr. Fenton concluded claimant was suffering from a narrowing of certain "disc spaces" in his spine and related to Dr. Berta that claimant had a "class IV" back, a rating presumably indicating back problems. Although claimant was otherwise physically fit and apparently well suited to employment as a fire fighter, petitioner ultimately declined to hire him because of his back condition.

Thereafter, claimant filed a complaint with the Civil Rights Commission under the HCRA. Claimant asserted his back condition was a "congenital birth defect of the spine" and that petitioner had discriminated against him "because of this handicap." Following an evidentiary hearing, the commission agreed claimant had been discriminated against under the HCRA and ordered petitioner to offer claimant employment as a fire fighter. However, the commission did not find claimant "handicapped" according to the commonly understood meaning of the term, i.e., a physical disability or mental deficiency arising from disease or trauma. Rather, the commission indicated that claimant was protected under the HCRA because petitioner "perceived and treated him as a handicapped person," and because petitioner "rejected his applica-

tion on account of generalized and stereotypical notions as to how his spinal column should be formed." This conclusion was apparently influenced by a medical diagnosis made by Dr. Richard Sheridan, an orthopedic physician who examined claimant at the commission's request. As phrased by the commission, Dr. Sheridan "found that claimant's spinal column was normal, healthy, and lacking pathological signs of degeneracy or trauma."

Petitioner appealed the commission's order to circuit court. Petitioner maintained that claimant was not entitled to bring a claim under the HCRA because, as indicated by the commission's own findings, claimant did not have an "actual handicap," in the sense of a physical disability or mental deficiency. Petitioner essentially argued that a claimant must have such a disability or deficiency in order to assert a claim under the HCRA. The circuit court agreed with this conclusion, vacating the commission's order and dismissing claimant's discrimination complaint. The circuit court did not address petitioner's argument concerning whether the commission's order was supported by the record. Respondent now appeals as of right.

Respondent first argues that the trial court erred in concluding the HCRA does not protect persons perceived and treated as handicapped by employers where no handicap in fact exists. However, we need not address the question whether "perceived handicaps" are protected under the HCRA in the instant case. The HCRA defines the term "handicap" as follows:

  (b) "Handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

(i) For purposes of article 2, is unrelated to the
individual's ability to perform the duties of a
particular job or position, or is unrelated to the
individual's qualifications for employment or pro-
motion. [MCL 37.1103; MSA 3.550 (103).]

We are not here presented with a "perceived
handicap" situation as all parties agree the claim-
ant has a determinable characteristic arising from
a congenital condition of birth, a congenital defect
of the spine. Instead, the parties dispute whether
the commission's finding that the claimant's
"physical characteristic" is unrelated to his ability
to be a fire fighter is supported by competent,
material and substantial evidence. As the trial
court did not address this issue, we remand for
such a determination.

Reversed and remanded.

REILLY, J. *(concurring)*. I concur with the major-
ity opinion as to the result only. I write separately
because I believe that the appellate posture of this
case requires us to address the issue whether
perceived handicaps are protected under the HCRA
and because I am convinced that the trial court
erred in its resolution of this issue.

In finding for claimant in the administrative
hearing below, the commission concluded that
claimant had established a claim under the HCRA
solely because petitioner "perceived and treated
him as a handicapped person," and discriminated
against him as a result. In vacating the commis-
sion's order, the circuit court held that this latter
conclusion was contrary to law, i.e., the circuit
court ruled that a person must have an actual
handicap in order to come within the HCRA:

In other words, I don't see how you encourage
employers to hire—to comply with the statute

when you simply say this par—anybody can come in and say they should have been hired because they weren't handicapped. And that's exactly what the Civil Rights Commission is trying to do here is to say that the employer must hire Mr. Roznowski —because Mr. Roznowski is not handicapped and because the employer did not take sufficient steps to prove that he is not handicapped. And that is not the purpose of the Handicappers' Law in my judgment.

Given the narrowness of these conflicting rulings, I believe that we must address whether discrimination based on the perception that a person is handicapped is actionable under the HCRA.

Moreover, I conclude that the trial court erred in holding that claims arising from perceived handicap situations are not actionable under the HCRA. I note that the HCRA does not require that a claimant have a medically cognizable physical disability or mental deficiency, or that the claimant's assertion of a "handicap" be supported by expert testimony. Instead, the definition of the term "handicap" requires only that the claimant have an ascertainable physical or mental characteristic which *may* be related to disease, injury, etc. See MCL 37.1103; MSA 3.550(103). Moreover, the existence of a determinable physical or mental characteristic is not a "handicap" under the act, regardless of how innocuous or debilitating, unless it is "unrelated to the individual's ability to perform the duties" of the particular job. See *Carr v General Motors Corp,* 425 Mich 313, 321-322; 389 NW2d 686 (1986); *Bowerman v Malloy Lithographing, Inc,* 171 Mich 110; 430 NW2d 742 (1988). The act's definition of "handicap" does not focus so much on the status of a claimant's physical or mental condition as it does on whether that condition affects the claimant's performance. Given this

emphasis, it would be inconsistent to extend protection under the act only to those claimants with physical or mental conditions that can be medically certified as disabling.

Further, the HCRA is a remedial statute and is thus to be liberally construed. *Wilks v Taylor School Dist,* 174 Mich App 232, 241; 435 NW2d 436 (1988). In this regard, the act includes the following prohibition in conjunction with the definition of "handicap":

> An employer shall not:
> (a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position. [MCL 37.1202(1); MSA 3.550(202)(1).]

In accordance with this remedial purpose, it would be incongruous to prohibit discriminatory conduct in one case, where the victim has an actual physical disability or mental deficiency which is unrelated to job performance, but allow the same type of conduct in another situation, where the victim does not have an actual disability or deficiency but where the employer mistakenly believes otherwise. For example, under the HCRA as interpreted by petitioner and the trial court, an employer would be prohibited from discriminating against a job applicant who is overweight, when weight is unrelated to job performance, but permitted to discriminate against another applicant for the same job who is not overweight, but is perceived to be by the employer. Such an interpretation is unreasonable because the applicant who was perceived to be overweight is equally as aggrieved by the discriminatory treatment as the person who was, in fact, overweight.

Further, the result is illogical because the employer's conduct is equally objectionable in either case.

Therefore, I conclude that the trial court erred in finding that the HCRA does not protect those persons who are discriminated against because of a perception that they have a physical disability or mental deficiency, whether or not such condition actually exists.