SHIRILLA v CITY OF DETROIT

Docket No. 159927. Submitted October 4, 1994, at Detroit. Decided
    January 17, 1995, at 10:35 A.M.

George Shirilla brought an action in the Wayne Circuit Court
    against the City of Detroit, alleging violation of the Handicap-
    pers' Civil Rights Act, MCL 37.1101 et seq.; MSA 3.550(101) et
    seq., as a result of the defendant's refusal to hire the plaintiff
    as a city bus driver because he was taking insulin for his
    diabetic condition. The court, John H. Gillis, Jr., J., granted
    summary disposition for the defendant. The plaintiff appealed.

    The Court of Appeals held:

    1. The trial court erred in granting summary disposition
    under MCR 2.116(C)(8). However, summary disposition was
    appropriate under MCR 2.116(C)(10).

    2. Section 31 of the Motor Bus Transportation Act, MCL
    474.131; MSA 9.1675(31), incorporating 49 CFR 391.41, which
    places a blanket prohibition on the employment in motor
    carrier driving positions of diabetic persons requiring insulin
    and makes no exception for an applicant who, despite a diabe-
    tic condition, is able to perform the job safely, creates a conflict
    with the Handicappers' Civil Rights Act. The handicappers' act
    was impliedly repealed in part by § 31, the later of the two
    enactments, as applied to the facts of this case.

    3. Section 31 of the Motor Bus Transportation Act provides a
    nondiscretionary ban on the hire of certain diabetic drivers,
    such as the plaintiff.

    Affirmed.

1. MASTER AND SERVANT — DIABETIC PERSONS — MOTOR CARRIER
        DRIVING POSITIONS — CODE OF FEDERAL REGULATIONS — MOTOR
        BUS TRANSPORTATION ACT.
    The Code of Federal Regulations places a blanket prohibition on
        the employment in motor carrier driving positions of diabetic

REFERENCES
Am Jur 2d, Carriers §§ 28-30; Job Discrimination § 208; Statutes
    § 255.
Handicap as job disqualification under state legislation forbidding
    job discrimination on account of handicap. 78 ALR4th 265.

persons requiring insulin and makes no exception for a person who, despite a diabetic condition, is able to perform the job safely; the section of the code that contains the prohibition was incorporated into state law with the enactment of § 31 of the Motor Bus Transportation Act (49 CFR 391.41; MCL 474.131; MSA 9.1675[31]).

2. STATUTES — JUDICIAL CONSTRUCTION — REPEAL BY IMPLICATION.

Where it is clear that a statute conflicts with an earlier enacted provision, the Legislature is deemed to have repealed the prior statute to the extent of the conflict.

3. CIVIL RIGHTS — CONFLICT OF LAWS — HANDICAPPERS' CIVIL RIGHTS ACT — MOTOR BUS TRANSPORTATION ACT — FEDERAL MOTOR CARRIER SAFETY REGULATIONS.

The Legislature, in enacting § 31 of the Motor Bus Transportation Act, incorporated into state law certain sections of the federal motor carrier safety regulations; where a conflict exists between § 31 and provisions of the Handicappers' Civil Rights Act, which act predates § 31, the Legislature is deemed to have repealed the Handicappers' Civil Rights Act to the extent of the conflict (49 CFR 391.41; MCL 37.1101 *et seq.*, 474.131; MSA 3.550[101] *et seq.*, 9.1675[31]).

*Stark & Gordon* (by *Deborah L. Gordon* and *Martha I. Seijas*), for the plaintiff.

*Jack Timmony,* Assistant Corporation Counsel, for the defendant.

Before: MICHAEL J. KELLY, P.J., and W. P. CYNAR* and P. D. SCHAEFER,** JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals as of right an order of the circuit court granting defendant's motion for summary disposition under MCR 2.116(C)(8) for failure to state a claim under the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* We affirm.

Plaintiff applied for employment as a city bus

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

driver in May 1989. On July 19, 1990, plaintiff received word that he was certified for hiring. On July 24, 1990, he was instructed to appear for a physical examination. Following the examination, defendant informed plaintiff that his employment application was rejected because he was taking insulin. On August 2, 1990, plaintiff's doctor informed defendant that plaintiff's diabetic condition was under control and would not impair his driving ability. However, defendant refused to hire plaintiff. Plaintiff subsequently filed this action under the handicappers' act.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court granted defendant's motion on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings. *Wade v Dep't of Corrections,* 439 Mich 158, 162; 483 NW2d 26 (1992). All well-pleaded allegations must be accepted as true and construed most favorably to the nonmoving party. *Id.* at 162-163. Summary disposition is appropriate only where the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Id.* at 163.

The trial court erred in grounding summary disposition on MCR 2.116(C)(8). Plaintiff's complaint contained all the elements of a claim under the handicappers' act, alleging that he was denied employment on the basis of a handicap unrelated to his ability to perform the duties of the position for which he applied. See *Sanchez v Lagoudakis,* 440 Mich 496, 502; 486 NW2d 657 (1992); MCL 37.1202(1)(b); MSA 3.550(202)(1)(b).

However, because the trial court considered evidence submitted by defendant, it appears that the

court simply misstated the rule under which it was deciding the motion for summary disposition. An order granting summary disposition under the wrong court rule may be reviewed under the correct rule. *Ginther v Zimmerman,* 195 Mich App 647, 649; 491 NW2d 282 (1992). Our review of the record indicates that summary disposition was appropriate under MCR 2.116(C)(10).

In reviewing an order of summary disposition under MCR 2.116(C)(10), this Court examines all relevant affidavits, depositions, admissions, and other documentary evidence and construes the evidence in favor of the nonmoving party. The Court then determines whether a genuine issue of material fact exists on which reasonable minds could differ. *Farm Bureau Mutual Ins Co v Stark,* 437 Mich 175, 184-185; 468 NW2d 498 (1991).

In support of its motion for summary disposition, defendant submitted an affidavit explaining that the sole reason for not hiring plaintiff was his diabetic condition, which required insulin and precluded him from working as a bus driver under state and federal regulations. Specifically, defendant invoked 49 CFR 391.41(b)(3) of the federal motor carrier safety regulations, as incorporated into state law in 1989 with the enactment of § 31 of the Motor Bus Transportation Act (MBTA), MCL 474.131; MSA 9.1675(31).[1] Section 31 of the MBTA provides, in relevant part:

> The following federal motor carrier safety regulations adopted by the United Stated department of transportation and in effect on the effective date of this section are adopted by the department and shall be enforced in relation to motor carriers of passengers:

---

[1] Apparently, it is no longer disputed that defendant's public transportation network extends beyond the city limits and is therefore subject to the MBTA.

* * *

(b) 49 CFR part 391, qualifications of drivers, except 391.11(b)(1).

49 CFR 391.41 provides, in relevant part:

(a) A person shall not drive a motor vehicle unless he is physically qualified to do so and, except as provided in § 391.67, has on his person the original, or a photographic copy, of a medical examiner's certificate that he is physically qualified to drive a motor vehicle.

(b) A person is physically qualified to drive a motor vehicle if that person—

* * *

(3) Has no established medical history or clinical diagnosis of diabetes mellitus currently requiring insulin for control . . . .

Plaintiff's discrimination claim arises under § 202 of the handicappers' act, which provides, in pertinent part:

(1) An employer shall not:

(a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position. [MCL 37.1202; MSA 3.550(202).]

The central issue is whether § 31 of the MBTA, incorporating 49 CFR 391.41, creates a conflict with the handicappers' act and, if so, how that conflict should be resolved. This analysis begins with the plain language of the statutes at issue. *House Speaker v State Administrative Bd,* 441 Mich 547, 562-563; 495 NW2d 539 (1993).

We believe that a clear conflict exists. The plain language of 49 CFR 391.41 places a blanket prohibition on the employment in motor carrier driving

positions of diabetic persons requiring insulin.[2] It makes no exception for the applicant who, despite his diabetic condition, is able to perform the job safely. In doing so, the regulation renders irrelevant and superfluous the central inquiry of the handicappers' act: Whether the diabetic condition that prompted denial of a job application is related to the applicant's ability to perform the duties of the position applied for.

Section 31 of the MBTA does not indicate whether the Legislature intended to alter the handicappers' act. Thus, the rules of statutory construction must be consulted to resolve the conflict. *Rancour v Detroit Edison Co,* 150 Mich App 276, 284-285; 388 NW2d 336 (1986). The handicappers' act, enacted in 1976, predates the Legislature's adoption of the federal motor carrier safety regulations. It is presumed that the Legislature was aware of the handicappers' act at the time it adopted 49 CFR 391.41 in 1989. *House Speaker, supra* at 562-563. Where it is clear that a statute conflicts with an earlier enacted provision, the Legislature is deemed to have repealed the prior statute to the extent of the conflict. *Id.* at 563. Here, the Legislature chose to adopt a provision that clearly conflicts with the handicappers' act. Enforcing the two statutes as written would place defendant in a Catch-22 dilemma. By hiring plaintiff as a driver despite his diabetes, defendant would violate § 31 of the MBTA; yet, by refusing to hire plaintiff because of his diabetes, defendant might violate the handicappers' act. Although there is a presumption against implied repeals that requires courts to read statutes harmoniously and give them a reasonable effect, *House Speaker,*

---

[2] Plaintiff does not challenge § 31 of the MBTA under the Equal Protection Clauses of the federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 2.

*supra* at 562, we cannot do so in this case without reading a qualification into 49 CFR 391.41 that simply is not there.[3] Doing so would constitute not a harmonious reading of the two statutes but rather a shortcut of the conflict analysis by merely resolving the conflict in favor of the handicappers' act. Where a clear conflict exists, the later enactment controls. *Wozniak v General Motors Corp,* 198 Mich App 172, 181; 497 NW2d 562 (1993). We therefore deem the handicappers' act impliedly repealed in part by § 31 of the MBTA as applied to the facts of this case.

Plaintiff's reliance on *Dep't of Civil Rights ex rel Lanphar v A & C Carriers,* 157 Mich App 534; 403 NW2d 586 (1987), is misplaced. While the Court did state that the handicappers' act was not preempted by the federal motor carrier safety regulations, *id.* at 538, the Court's focus was on an apparent conflict between state law and a federal regulation. Here, the federal regulation at issue is in fact *state* law by virtue of § 31 of the MBTA. Thus, the conflict analysis is different. Moreover, the Court ultimately held that "[i]f an individual is not qualified under federal law to drive a motor carrier within interstate commerce, it cannot be a violation of the handicappers' act to refuse to employ the individual as an interstate motor carrier driver." *Dep't of Civil Rights, supra.*

Plaintiff's reliance on *Wilks v Taylor School Dist,* 174 Mich App 232; 435 NW2d 436 (1988), also

[3] Although 49 CFR 391.41 requires an applicant to present medical certification of his physical qualifications for a motor carrier position, the certification must be based on the grounds for qualification listed in that provision. The certification requirement does not carve an exception to the grounds for qualification by mandating a determination that an applicant is also unable to perform the duties of the motor carrier position safely. Here, plaintiff's doctor found that plaintiff had diabetes but also determined that this condition would not affect his ability to perform the bus driving job safely. The latter determination is irrelevant under 49 CFR 391.41.

is misplaced. In *Wilks,* the defendant motor carrier refused to hire the plaintiff as a school bus driver because its medical examiner determined that she was physically unfit to drive a bus and refused to issue a certificate of health, which was required of any individual desiring to be a school bus driver pursuant to a statute then in effect, MCL 257.316a; MSA 9.2016(1). *Wilks* at 234-235. If the plaintiff did not have the required certification, the defendant argued, it could not be expected to violate the law and hire the plaintiff, regardless of the plaintiff's actual ability to perform the job. *Id.* at 237. The case is clearly inapposite.

Similarly, *Smith v Dep't of Motor Vehicles,* 163 Cal App 3d 321; 209 Cal Rptr 283 (1984), is also inapposite. There, the California statute at issue did not directly prohibit the defendant from granting driving licenses to diabetic persons. Unlike the MBTA, the California statute merely directed the defendant to give consideration to the standards required of motor carrier drivers in the federal regulations. *Id.* at 326. It did not adopt those regulations. It left the decision to grant or deny a license to the defendant's discretion. *Id.* at 327-328.

Our reading of § 31 of the MBTA as a nondiscretionary ban on the hire of certain diabetic drivers is bolstered by the Legislature's subsequent adoption of § 2k of the Motor Carrier Safety Act, MCL 480.12k; MSA 9.1666(2k). Both statutes address the safety of motor carriers and adopt 49 CFR 391.41. However, the Motor Carrier Safety Act provides an exception to the blanket exclusion under 49 CFR 391.41. Because these two statutes relate to the same class of persons and have a common purpose, they should be read in pari materia. *Feld v Robert & Charles Beauty Salon,* 435 Mich 352, 360; 459 NW2d 279 (1990), citing *Rathbun v Michigan,* 284 Mich 521, 543; 280 NW 35 (1938). Pursu-

ant to MCL 480.12k; MSA 9.1666(2k), an applicant for a driver position who is not physically qualified to drive under 49 CFR 391.41 and who is otherwise qualified to drive may be granted a waiver. By providing a means of exempting certain individuals from the dictates of 49 CFR 391.41, the waiver procedure suggests that 49 CFR 391.41 is otherwise unconditional. The analysis is supported by the doctrine of *expressio unius est exclusio alterius* (expression of one thing is the exclusion of another). See *Feld, supra* at 362. In addition, the highly procedural nature of the waiver exception indicates that it should not be read as a substantive qualification of § 31 of the MBTA or 49 CFR 391.41 or as an incorporation of the principles of the handicappers' act into these provisions.[4] Instead, an applicant claiming fitness for a position despite a disability listed under 49 CFR 391.41 must follow the detailed procedures outlined in the waiver provision.

The waiver process would provide plaintiff with a procedure in which he would bear the burden of proving that his diabetic condition would have no bearing on his ability to perform the duties of a bus driver. The proof process would require, for example, the filing of reports by at least two medical examiners regarding plaintiff's ability to perform safely the duties of the bus driving position. MCL 480.12k(4)(a); MSA 9.1666(2k)(4)(a). The decision on waiver would be made by the Motor Carrier Division of the Department of State Police and could be appealed. MCL 480.12k(7); MSA 9.1666(2k)(7); MCL 480.12-l; MSA 9.1666(2-l). All that would be left to defendant's discretion would

---

[4] Even if the waiver provision constituted a substantive qualification of § 31 of the MBTA, it is inapplicable to this case because it did not take effect until April 1991, after defendant rejected plaintiff's application.

be the selection of one of the medical examiners and the decision whether to provide the required employer signature on plaintiff's waiver request. MCL 480.12k(4)(a); MSA 9.1666(2k)(4)(a); MCL 480.12k(5); MSA 9.1666(2k)(5).

Our decision does not reach the issue whether plaintiff's diabetic condition actually was related to his ability to work as a bus driver and constituted sufficient grounds for the denial of his application. That decision has already been made by the Legislature with the adoption of the federal motor carrier safety regulations. Our decision merely gives effect to that adoption. Any changes to those safety regulations must be made by the Legislature.[5]

Affirmed.

---

[5] In this regard, we note that the enactment of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.*, the federal analogue to Michigan's handicappers' act, has prompted a review of the grounds for disqualification listed in 49 CFR 391.41.