GALUSZKA v STATE EMPLOYEES' RETIREMENT SYSTEM

Docket No. 247352. Submitted November 17, 2004, at Lansing. Decided November 23, 2004. Approved for publication January 20, 2005, at 9:05 a.m.

Barbara A. Galuszka applied for duty-disability retirement benefits after suffering a stroke she claimed was due to job stress. The State Employees' Retirement System denied the benefits. In the course of administrative review, a hearing referee issued a proposal for decision (PFD) recommending that Galuszka be granted duty-disability retirement benefits and giving the parties twenty days to file exceptions to the PFD. Before that deadline, the retirement system requested an extension of time to file its exceptions. The executive secretary of the State Employees' Retirement Board granted the extension and the retirement system filed its exceptions within the extended time limit. The board subsequently denied Galuszka's application for duty-disability retirement benefits, rejecting certain findings of the hearing referee and concluding that Galuszka's disability was not duty-related. Galuszka appealed the board's decision to the Ingham Circuit Court. The court, William E. Collette, J., reversed the board's decision, ruling that the retirement system did not file timely exceptions and that the PFD became the final decision of the agency. The retirement system appealed by leave granted.

The Court of Appeals *held*:

1. The circuit court clearly erred in finding that the retirement system had not timely filed its exceptions and that the PFD constituted the final decision of the agency. In the absence of a rule establishing a time limit for filing exceptions to a PFD or final action on a PFD, the retirement system's request for extension of the deadline set by the PFD was timely made and the retirement system's exceptions were timely filed. The circuit court erred in requiring good cause for the extension. The PFD was a recommendation that the board reviewed and rejected, and it did not become the final decision of the agency under MCL 24.281(3).

2. Because the circuit court never reached the issue, remand is necessary for a determination whether the board's decision was

supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, or was clearly an abuse of discretion.

Reversed and remanded for further proceedings.

ADMINISTRATIVE LAW — PROPOSALS FOR DECISION — EXCEPTIONS — TIMELINESS.

Exceptions to a proposal for decision are timely filed when they are filed within the time limit set by the proposal for decision or as extended by the agency; a proposal for decision is not the final agency decision if exceptions to the proposal are timely filed or if the agency timely reviews the proposal (MCL 24.281[3]).

*James R. Viventi, PLLC* (by *James R. Viventi*), for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Marie Shamraj*, Assistant Attorney General, for the respondent.

Before: GRIFFIN, P.J., and SAAD and O'CONNELL, JJ.

GRIFFIN, P.J. Respondent State Employees' Retirement System appeals by leave granted an order of the Ingham Circuit Court reversing a decision by the State Employees' Retirement Board (the Board) denying duty-disability retirement benefits to petitioner. We reverse and remand for proceedings consistent with this opinion.

I

Petitioner Barbara A. Galuszka worked for the Michigan Employment Security Commission (now the Unemployment Insurance Agency) from 1990 to December 1996. During the last four years of her employment, petitioner worked as an unemployment claims examiner. In June 1999, petitioner applied for duty-disability retirement benefits, claiming that she suffered a stroke due to job stress. The stroke occurred on

December 28, 1996, a Saturday night; petitioner was asleep at the time. There is no dispute that the stroke left petitioner without the use of her left side and that, as a result, she is totally and permanently disabled. When petitioner's application for benefits was denied in December 1999, she sought further administrative review.

In June 2000, the parties appeared for a hearing before hearing referee Erick Williams. Williams issued a proposal for decision (PFD), recommending that petitioner be granted duty-disability retirement benefits. Respondent then filed exceptions, which included a request to remand the matter to a different hearing referee who could maintain impartiality and consider supplemental evidence.

In February 2001, the Board granted respondent's request for a new hearing before a different hearing referee. Subsequently, petitioner acquired new representation and moved the Board to rescind its previous decision and adopt the PFD issued by hearing referee Williams. However, the Board denied petitioner's motions, and a second hearing was conducted before hearing referee Lauren Van Steel in November 2001. Van Steel issued her PFD in March 2002, in which she recommended that petitioner be granted duty-disability retirement benefits. The PFD concluded with a paragraph advising the parties that they could file exceptions within twenty days of its entry. Respondent requested, and was granted, an extension of the deadline by the Board's executive secretary, on the ground that changes in personnel in the Attorney General's office required that new counsel be assigned to represent respondent. Respondent's exceptions were filed on April 22, 2002, within the time granted by the extension, and petitioner filed a response on May 6, 2002.

In a decision and order dated July 11, 2002, the Board denied petitioner's application for duty-disability retirement benefits. The Board rejected certain findings of the hearing referee on the basis of respondent's exceptions, and concluded that petitioner had not met her burden of demonstrating that her disability was duty-related. The Board credited the testimony of Dr. Gerald Levinson, respondent's medical expert, who concluded that petitioner's stroke was proximately caused by her forty-year history of cigarette smoking, high blood pressure, hyperlipidemia (high cholesterol), and diabetes. The additional records presented at the second hearing indicated that petitioner's father had a history of hypertension and died of a cerebral hemorrhage at the age of forty-three. Other records, obtained in connection with petitioner's worker's compensation claim, indicated that petitioner's attending physician, Dr. Gary Langnas, opined that the stroke was not job-related. Moreover, the records of petitioner's treating physician, Dr. Brian McCarroll, did not include any references to or treatment for job-related stress. The Board concluded that hearing referee Van Steel erred in relying on portions of petitioner's testimony that were contradicted by the record.

Petitioner appealed the Board's decision to the circuit court in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.*, and moved for peremptory reversal. Following a hearing, the circuit court took the matter under advisement and ultimately issued an opinion and order reversing the Board's denial of petitioner's application for duty-disability retirement benefits. The circuit court concluded, in pertinent part:

> MCL 24.281(2) [sic] states that the decision of the ALJ "shall become the final decision of the agency in the absence of the filing of exceptions or review by action of the agency within the time provided by rule." Here, ALJ

Williams issued his proposal for decision granting benefits to Petitioner. The Respondent did not comply with MCL 24.281(2) [sic] by filing exceptions within the time provided by law. The Respondent did file exceptions, but they were filed after the deadline. Respondent argues that an extension was required because of the voluminous record of the case and the new attorney general assigned to the case. This may be true but it does not evidence good cause to make the request after the time allotted.

This Court finds that Petitioner's due process rights were violated when MCL 24.281 was not adhered to. Therefore, the order issued by ALJ Williams is the final agency decision in this case and Petitioner shall be granted benefits consistent with that proposal for decision.

Respondent now appeals by leave granted the decision of the circuit court reversing the Board's order denying duty-disability retirement benefits to petitioner.

II

Respondent first contends that the circuit court incorrectly interpreted § 81(3) of the Administrative Procedures Act, MCL 24.281(3), and clearly erred in finding that petitioner's due process rights were violated by respondent's purported failure to file exceptions within the time provided by law. We agree.

Issues concerning the proper interpretation of statutes, in this case MCL 24.281(3), are questions of law, which this Court reviews de novo. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767; 664 NW2d 185 (2003); *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129; 573 NW2d 61 (1997).

> In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine

whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished. [*Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001) (citations omitted).]

In *Dignan v Michigan Pub School Employees Retirement Bd*, 253 Mich App 571, 575-576; 659 NW2d 629 (2002), this Court set forth the appropriate standard to be applied to our review of the circuit court's decision:

This Court reviews a lower court's review of an agency decision to determine "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard of review is the same as a "clearly erroneous" standard of review. *Id.* at 234-235. A finding is clearly erroneous when, "on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.* at 235.

See also *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605; 683 NW2d 759 (2004); *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 62-64; 678 NW2d 444 (2003).

In the instant case, the circuit court based its decision on § 81 of the Administrative Procedures Act, MCL 24.281, which states in relevant part:

(1) When the official or a majority of the officials of the agency who are to make a final decision have not heard a contested case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served on the parties, and an opportunity is given to each party adversely

affected to file exceptions and present written arguments to the officials who are to make the decision. Oral argument may be permitted with consent of the agency.

(2) The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact and law necessary to the proposed decision, prepared by a person who conducted the hearing or who has read the record.

(3) The decision, without further proceedings, shall become the final decision of the agency in the absence of the filing of exceptions or review by action of the agency within the time provided by rule. On appeal from or review of a proposal of decision the agency, except as it may limit the issue upon notice or by rule, shall have all the powers which it would have if it had presided at the hearing.

(4) The parties, by written stipulation or at the hearing, may waive compliance with this section.

As a preliminary matter, we note that, in an apparent typographical error, the circuit court, in its written opinion and order, recited that it was relying on subsection 2 of MCL 24.281 as a basis for concluding that the hearing referee's PFD should become the final decision of the agency, when in fact it was quoting the language from subsection 3. Specifically, the circuit court wrote, "MCL 24.281(2) states that the decision of the ALJ 'shall become the final decision of the agency in the absence of the filing of exceptions or review by action of the agency within the time provided by rule.' " In addition, the circuit court referred to hearing referee *Williams's* PFD as becoming the final decision of the agency because the exceptions were not filed within the time provided for in the PFD. However, there was never any dispute that respondent's exceptions to Williams's PFD were timely filed,[1] and it is clear, when the court's

---

[1] The PFD issued by hearing referee Williams was dated November 6, 2000. Respondent filed timely exceptions to that PFD on December 11, 2000. Petitioner then requested an extension of time to file her reply to

opinion is read in context, that the circuit court was referring to circumstances following the issuance of hearing referee Van Steel's PFD. Therefore, it will be assumed for purposes of our analysis that the circuit court intended to refer to MCL 24.281(3) and hearing referee Van Steel's PFD, in connection with which respondent requested and was granted an extension of time to file exceptions.[2]

With regard to the merits of the circuit court's opinion, the court's review of the Board's decision in this case was "limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole

___

respondent's exceptions, which was granted. The Board considered hearing referee Williams's PFD, along with respondent's exceptions and petitioner's reply, at its February 1, 2001, board meeting and, in an order dated February 6, 2001, granted respondent's motion to reopen proofs and further remanded the case for a new hearing by a different hearing referee. Notice of this action was sent to petitioner on February 6, 2001. Petitioner did not challenge the February 2001 determination by the Board until August 2001, some six months later. The Board considered petitioner's motion to rescind its February 6, 2001, order and adopt hearing referee Williams's PFD at its October 4, 2001, meeting, which petitioner and her counsel attended. On November 7, 2001, petitioner was notified that the Board had denied her motion at the October meeting. Petitioner never appealed this action of the Board; thus, hearing referee Williams's PFD is not properly before this Court. See *Eriksen v Fisher*, 166 Mich App 439, 449-451; 421 NW2d 193 (1988).

[2] Two of respondent's four appellate issues point out other alleged errors in the circuit court's decision. However, these arguments do not require significant analysis because the alleged errors were irrelevant to the outcome. For example, although the circuit court erroneously cited MCL 791.255(4), a statute that applies to the Department of Corrections, in stating the applicable standard of review, because the standard of review under that statute is the same as under the Administrative Procedures Act, any error was harmless. Similarly, respondent's argument that the circuit court erred in characterizing its opinion as a grant of petitioner's "motion for peremptory reversal" is irrelevant because it is clear that the court would have reversed respondent's decision regardless of the procedural term used to describe the ruling.

record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Dignan, supra* at 576. Here, however, the circuit court held that, pursuant to MCL 24.281(3), the PFD issued by hearing referee Van Steel became the "final decision of the agency" because respondent was purportedly late in filing its exceptions to the PFD, and respondent had not shown "good cause to make the request [for an extension of time] after the time allotted." Essentially, the circuit court concluded that the time frame established by the PFD had the force of law, and the Board had no authority to grant extensions of time in which to file exceptions. Notably, the court cited no authority for this proposition, and we conclude that the circuit court clearly erred in its findings and determination in this regard. As previously noted, MCL 24.281(3) clearly provides that a hearing referee's PFD shall become the final decision of the agency *only* "in the absence of the filing of exceptions or review by action of the agency within the time provided by rule." Here, as the record demonstrates, respondent's exceptions were timely filed, and the Board reviewed the PFD.

The record contradicts the circuit court's finding that respondent did not file its exceptions to hearing referee Van Steel's PFD before the applicable deadline. Although the Board, in conjunction with MCL 24.281(3), evidently has never promulgated administrative rules establishing either a deadline for filing exceptions to a hearing referee's PFD in a contested case or a time limit for final action on a hearing referee's PFD,[3] the Board's

---

[3] Neither party to this appeal has cited an administrative rule setting the time for filing exceptions under MCL 24.281(3), and our research reveals no such rule. However, the State Employees' Retirement Act, MCL 38.1 *et seq.*, does not mandate that the Board establish a specific rule setting forth the time limits for filing exceptions to a PFD or final

standard procedure apparently has been to have the hearing referees set the time for filing exceptions in their proposed decisions and, in cases in which more time is needed, the Board grants an extension.

In this case, hearing referee Van Steel, in her PFD, established a twenty-day deadline for filing exceptions. Under the PFD, exceptions were due on or before April 11, 2002. The record indicates that when the assistant attorney general representing respondent became aware of hearing referee Van Steel's time requirement, she called petitioner's counsel and requested his acquiescence to an extension of the time limit for filing exceptions. This request was made on March 29, 2002, on the ground that changes in personnel in the Attorney General's office required that new counsel be assigned to represent respondent and the extension was necessary to have sufficient time to digest the lengthy record. Petitioner's counsel was sent a copy of respondent's written request for the extension on March 29, 2002. However, petitioner's counsel refused the request. As a result, respondent's attorney requested an extension from the Board. In an e-mail received on April 8, 2002, an extension until May 9, 2002, was granted by the executive secretary to the Board. Respondent filed its exceptions on April 22, 2002, within the time limit of the extension granted by the executive secretary.

Moreover, the circuit court's application of an undefined "good cause" standard to respondent's stated reasons for needing an extension of time is without a legal basis, particularly where the trial court's review of an agency action is limited to determining whether the decision was contrary to law, was supported by compe-

---

agency action on a PFD, but rather provides that "the retirement board *may* promulgate rules pursuant to the administrative procedures act of 1969 . . . ." MCL 38.2(2) (emphasis added).

tent, material, and substantive evidence, was arbitrary or capricious, was an abuse of discretion, or was otherwise affected by a substantial and material error of law. *Dignan, supra* at 576.

Thus, in the absence of any evidence of an established rule violation, the request for a deadline extension was timely made, and respondent's exceptions were timely filed. The circuit court misinterpreted MCL 24.281(3) and clearly erred when it found that respondent had filed its exceptions "after the time allotted" and, on the basis of this finding, concluded that hearing referee Van Steel's PFD constituted the "final decision of the agency." MCL 24.281(3).

Our conclusion that the circuit court clearly erred in finding the PFD to be the "final decision of the agency" under the circumstances is further reinforced by the fact that the Board reviewed and acted on the PFD. MCL 24.281(3). Subsection 3 of MCL 24.281 provides that, in reviewing a PFD, the agency "shall have all the powers which it would have if it had presided at the hearing." Thus, the Board had the authority to issue its decision rejecting the conclusions set forth in the hearing referee's PFD. Pursuant to subsection 3, under the present circumstances in which respondent's exceptions were timely filed and the Board reviewed the PFD, hearing referee Van Steel did not issue an order, but rather a recommendation, a proposal for decision, that was rejected by the Board. As this Court explained in *Dignan, supra* at 578,

> [t]he hearing referee's *proposal* for decision was just that, a proposal for respondent to consider. Indeed, the hearing referee's findings and conclusions were forwarded to respondent as a "recommendation." Respondent was not required to accept the hearing referee's proposed findings even if those findings were supported by substantial evi-

dence. Respondent was free to accept, reject, or modify the referee's proposal. [Emphasis in original.]

We conclude that the circuit court failed to apply the correct legal principles when, under the circumstances, it "erroneously elevated the hearing referee's proposed findings to the status of a final decision." *Id.*

### III

Turning to the merits of the case, we note that, because the circuit court improperly held that the hearing referee's PFD constituted "the final decision of the agency," it never reached or addressed the central issue whether competent, material, and substantial evidence supported the Board's decision denying duty-disability retirement benefits to petitioner. We therefore remand this matter to the circuit court for a determination of this issue. See *Bay City Fire Dep't v Dep't of Civil Rights ex rel Roznowski*, 182 Mich App 145, 149; 451 NW2d 533 (1989). In so doing, we reiterate that, just as this Court's review is limited to determining whether the circuit court "misapprehended or grossly misapplied" the proper test in its review of the agency's factual findings, *Dignan, supra* at 575, and *Boyd, supra* at 234, the circuit court's review of the Board's factual findings

is limited to determining whether the decision was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, or was clearly an abuse of discretion. Const 1963, art 6, § 28; *Dignan v Michigan Pub School Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002). Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion. *Id.* "Courts should accord due deference to administrative expertise and not invade administrative fact finding by displacing an agency's choice between two reasonably

differing views." *Id.* To determine whether an agency's decision is "arbitrary," the circuit court must determine if it is " ' "[w]ithout adequate determining principle[,] . . . [f]ixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, . . . decisive but unreasoned." ' " *St Louis v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 215 Mich App 69, 75; 544 NW2d 705 (1996), quoting *Bundo v Walled Lake*, 395 Mich 679, 703 n 17; 238 NW2d 154 (1976), quoting *United States v Carmack*, 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946). "Capricious" has been defined as: " ' "[A]pt to change suddenly; freakish; whimsical; humorsome." ' " *St Louis, supra* at 75, quoting *Bundo, supra* at 703 n 17, quoting *Carmack, supra* at 243. [*Romulus, supra* at 62-64.]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.